IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| **CHARLES MYRON TAYLOR, II,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 4:20-cv-00007-CDL-MSH |
| Commissioner **TIMOTHY C. WARD,** *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER OF DISMISSAL

Plaintiff Charles Myron Taylor, II, an inmate in Rutledge State Prison in Columbus, Georgia, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Compl., ECF No. 1. Plaintiff also filed a motion for leave to proceed in this action *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2. On January 15, 2020, Plaintiff was ordered to recast his complaint and pay an initial partial filing fee of $12.00. Order, ECF No. 5. Thereafter, the Court did not receive either a recast complaint or the initial partial filing fee within the allotted time. As a result, Plaintiff was ordered to show cause to the Court why this case should not be dismissed for failure to comply with the previous order. Order to Show Cause, ECF No. 6.

After the order to show cause was entered, Plaintiff filed a recast complaint (ECF No. 7), a marked-up copy of the January 15 Order (ECF No. 8), a response to the order to show cause (ECF No. 9), a notice of filing (ECF No. 10), and a brief (ECF No. 11). Plaintiff did not, however, pay the initial partial filing fee. Moreover, of the filings that

Plaintiff submitted, only the marked-up copy of the January 15 Order appeared to address the filing fee issue in any way.  *See* Marked Copy of Order, ECF No. 8.

In the January 15 Order, Plaintiff was instructed that, if he could not pay the fee due to changed circumstances, he could file a new motion to proceed *in forma pauperis* explaining why the change in circumstances prevented him from paying the initial partial filing fee.  Order 2, ECF No. 5.  Additionally, Plaintiff was informed that he could request additional time to pay.  *Id.* at 2-3.

In the marked up copy of the order that Plaintiff returned to the Court, he did not include any information explaining that he had an inability to pay the initial partial filing fee, nor did he include a renewed motion to proceed *in forma pauperis*, as permitted by the previous order.  *See* Marked Copy of Order, ECF No. 8.  Instead, Plaintiff merely blacked out all portions of the January 15 Order regarding the Prison Litigation Reform Act's fee requirements, including the portions of the order directing Plaintiff to pay the initial partial filing fee.  *See id.*  Plaintiff also wrote "rebuttal refute this payment" on various pages of the copy of the order.  *See id.*

Although Plaintiff still had not paid the initial partial filing fee, filed a renewed motion to proceed *in forma pauperis*, provided the Court with any explanation as to why the fee has not been paid, or responded to the order to show cause to the extent that it directed Plaintiff to address the failure to pay the initial partial filing fee, he was given an additional opportunity respond because his filings appeared to indicate that he wanted to proceed with this action.  To that end, another order to show cause was entered, directing Plaintiff to address the filing fee issue.  Order to Show Cause, ECF No. 12.  Plaintiff was

instructed that, in responding to that order, he could pay the $12.00 initial partial filing fee, submit a new motion to proceed *in forma pauperis* demonstrating that he was unable to prepay the $12.00 initial partial filing fee, or submit a response explaining why he was unable to either pay the initial partial filing fee or submit a new motion to proceed *in forma pauperis*. Plaintiff was cautioned that his failure to file a timely response would result in the dismissal of this action.

Since the entry of the second order to show cause, Plaintiff has filed a copy of a grievance form seeking his release from prison and a statement in support of a grievance seeking the return of property Plaintiff says was stolen from him. Exhibit, ECF No. 14; Brief, ECF No. 15. Neither of these submissions addresses the filing fee issue discussed above. *See generally id.* Indeed, the order to show cause was returned to the Court with a notation that Plaintiff had refused that piece of mail. Mail Returned, ECF No. 13.

Thus, Plaintiff has been given multiple opportunities to either comply with the order to pay the initial partial filing fee or to present information to the Court showing that he has been unable to do so, and he has been cautioned that his failure to comply would result in the dismissal of this action. Despite these opportunities and warnings, Plaintiff has refused to comply with the Court orders and has refused communications sent to him by the Court. Under these circumstances, Plaintiff's complaint is now **DISMISSED WITHOUT PREJUDICE** for failure to comply with the Court's orders and otherwise prosecute this case. *See* Fed. R. Civ. P. 41(b); *Brown v Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R.

Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

**SO ORDERED**, this 18th day of May, 2020.

                                              s/Clay D. Land
                                              CLAY D. LAND
                                              CHIEF U.S. DISTRICT COURT JUDGE
                                              MIDDLE DISTRICT OF GEORGIA