IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| **CHARLES MYRON TAYLOR, II,** | : | |
| **Plaintiff,** | : | |
| v. | : | No. 4:20-cv-00007-CDL-MSH |
| **Commissioner TIMOTHY C. WARD,** *et al.*, | : | |
| **Defendants.** | : | |

## ORDER OF DISMISSAL

Plaintiff Charles Myron Taylor, II, a prisoner in Rutledge State Prison in Columbus, Georgia, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Compl., ECF No. 1. Plaintiff also moved for leave to proceed in this action *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2. On January 15, 2020, Plaintiff was ordered to recast his complaint and pay an initial partial filing fee of $12.00. Order, ECF No. 5. Thereafter, the Court did not receive either a recast complaint or the initial partial filing fee within the allotted time. As a result, Plaintiff was ordered to show cause to the Court why this case should not be dismissed for failure to comply with the previous order. Order to Show Cause, ECF No. 6.

After the order to show cause was entered, Plaintiff filed multiple documents, but he did not pay the initial partial filing fee or otherwise address the filing fee issue in any way. Despite Plaintiff's failure to pay the initial partial filing fee or otherwise address the issue, Plaintiff was given an additional opportunity to respond because his filings appeared

to indicate that he wanted to proceed with this action. To that end, another order to show cause was entered, directing Plaintiff to address the filing fee issue. Order to Show Cause, ECF No. 12. Following the entry of the second order to show cause, Plaintiff again failed to pay the initial filing fee or otherwise address the filing fee issue. Moreover, the order to show cause was returned to the Court with a notation that Plaintiff had refused that piece of mail. Mail Returned, ECF No. 13. Under these circumstances, the Court dismissed Plaintiff's complaint for failure to comply with the Court's orders. Order Dismissing Compl., ECF No. 16.

On June 16, 2020, Plaintiff filed a notice of appeal from the dismissal order. Notice of Appeal, ECF No. 18. Thereafter, on July 15, 2020, the Eleventh Circuit dismissed Plaintiff's appeal for failure to pay the appellate filing fee or move to proceed *in forma pauperis*. Mandate of USCA Dismissing Notice of Appeal, ECF No. 22. Plaintiff has now filed a motion, which appears to be seeking leave to appeal *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 23. As Plaintiff's appeal was dismissed over four months ago, it appears that any request to proceed on appeal *in forma pauperis* is now moot and may be denied as such. Even if Plaintiff's request is not moot, however, Plaintiff's appeal would not be taken in good faith, and thus, his request is now denied for that reason.[1]

---

[1] In the motion, Plaintiff also demands that his case be sent to the court in the Northern District of Georgia. Mot. 1, ECF No. 23. Plaintiff's case is now closed, and there is no basis for the Court to transfer this case to the Northern District of Georgia or for that Court to review the closure in this case. Moreover, to the extent that Plaintiff may be again seeking to appeal his case, he already filed a notice of appeal to the Eleventh Circuit, which, as discussed above, dismissed his case for failure to pay the filing fee or seek leave to

On this point, a court may authorize an appeal of a civil action without prepayment of fees if the prisoner submits an affidavit that includes a statement of all assets and that states the prisoner is unable to pay the filing fee or give security therefor.[2]  *See* 28 U.S.C. § 1915(a)(1).  Nevertheless, this Court may deny *in forma pauperis* status if the Court determines the appeal is not taken in good faith.  *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.").  "Good faith" means that an issue exists on appeal that is not frivolous under an objective standard.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962); *Rudolph v. Allen*, 666 F.2d 519, 520 (11th Cir. 1982).

In the Court's best judgment, Plaintiff may not present any non-frivolous issue in an appeal from the dismissal in this case, as the case was properly dismissed following Plaintiff's failure to comply with the Court's orders.  The Court therefore certifies, pursuant to § 1915(a)(3), that Plaintiff's appeal is not taken in good faith.  Accordingly, Plaintiff's motion to proceed *in forma pauperis* on appeal is hereby **DENIED**.

If Plaintiff wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee.  Because Plaintiff has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b).  Pursuant to

---

appeal *in forma pauperis*.

[2]The Court notes that Plaintiff has not submitted a copy of his prisoner trust fund account.  Thus, the Court has no way of determining Plaintiff's ability to pay the appellate filing fee.  The Court, however, does not deny Plaintiff's motion to proceed *in forma pauperis* on appeal for this reason.  Instead, as discussed herein, the Court denies Plaintiff's motion to proceed *in forma pauperis* on appeal because an appeal from this action cannot be taken in good faith.

section1915(b), the prison account custodian where Plaintiff is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full.  Checks should be made payable to "Clerk, U.S. District Court."  The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Plaintiff is incarcerated.

**SO ORDERED**, this 1st day of December, 2020.

S/Clay D. Land
**CLAY D. LAND**
**U.S. DISTRICT COURT JUDGE**
**MIDDLE DISTRICT OF GEORGIA**